IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEITH LILLEY and SHARON LILLEY,<br><br>Plaintiffs,<br><br><br><br>vs.<br><br><br><br>JPMORGAN CHASE BANK and BLAKE INGRAM,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br><br><br>Case No. 2:10-CV-483 TS |

This matter is before the Court on Defendant Blake Ingram's Motion to Dismiss for lack of subject-matter jurisdiction,[1] and Defendant JPMorgan Chase Bank's 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted.[2] As explained below, the Court grants JPMorgan's Motion to Dismiss with prejudice as to the wire fraud claim and without prejudice as to the ECOA claim and the state law claims. The Court grants Ingram's Motion to Dismiss without prejudice.

---

[1]Docket No. 4.

[2]Docket No. 9.

1

# I. BACKGROUND

The Lilleys' Complaint[3] lays out the following facts.

In September 2003, Plaintiffs Keith and Sharon Lilley ("the Lilleys") purchased undeveloped land in Park City, Utah for the amount of $375,000.00. They did not finance this purchase, but rather used their own funds.

Subsequently, the Lilleys applied for a construction-to-permanent financing loan through JPMorgan Chase Bank ("JPMorgan") to construct a single unit, owner-occupied home. Defendant JPMorgan ordered an appraisal on the proposed home. Defendant Blake Ingram conducted the appraisal. The Lilleys signed the mortgage documents, commonly referred to as closing on a loan, on December 16, 2005. On November 21, 2007, the construction-to-permanent financing was converted to a permanent loan.

In April 2009, the Lilleys began the process of applying for a loan modification from JPMorgan on its initial loan. They "applied for modified terms on their mortgage loan with a 125 page fax on April 30, 2009."[4]

In June 2009, the Lilleys accepted a verbal modification of the mortgage, and made payments as agreed under the modification through November 2009.

On November 20, 2009, JPMorgan sent an Acceleration Writing (Notice of Intent to Foreclose) to the Lilleys.

---

[3]Docket No. 1.

[4]*Id.* at 18.

On May 25, 2010, the Lilleys filed a Complaint with this Court.[5] The Complaint lists

sixteen causes of action; two of these are based on federal law. The Tenth Cause of Action

claims that JPMorgan violated the Equal Credit Opportunity Act ("ECOA")[6] by failing to provide

the Lilleys notice of (1) the status of their April 30 loan application and (2) the revocation of the

verbal agreement to modify the loan.[7] The Twelfth Cause of Action claims that JPMorgan

committed wire fraud under 18 U.S.C. § 1342.

The other fourteen causes of action all lie in state law. The following claims are made

against JPMorgan: negligent misrepresentation, two counts of breach of contract, fraud,

fraudulent non-disclosure, negligent supervision and/or retention of employee, civil conspiracy

between JPMorgan and Ingram, intentional infliction of emotional distress, and promissory

estoppel. The following claims are made against the defendant Blake Ingram for his actions

related to the initial appraisal of the Lilleys' property and the issuance of the original loan: breach

of contract, fraudulent inducement, fraud, civil conspiracy between JPMorgan and Ingram,

fraudulent misrepresentation, undue influence, and promissory estoppel.

## II. DISCUSSION OF THE FEDERAL ECOA AND WIRE FRAUD CLAIMS

In determining whether to grant a motion to dismiss for failure to state a claim, the Court

"appl[ies] a plausibility standard to ascertain whether the complaint includes enough facts that, if

---

[5]*Id.*

[6]Equal Credit Opportunity Act (Regulation B), 12 C.F.R. § 202.9(a).

[7]*Id.* at 17-18.

assumed to be true, state a claim to relief that is plausible on its face."[8]  The Court "accept[s] all

factual allegations in the complaint as true and draw[s] all reasonable inferences in favor of the

nonmoving part[ies]."[9]

JPMorgan makes three arguments in its Motion.  First, that the Tenth Cause of Action,

Violations of the Equal Credit Opportunity Act ("ECOA"), should be dismissed because the

Complaint fails to state that JPMorgan had a duty to provide notice to the Lilleys under the

regulations.  Second, that the Twelfth Cause of Action, Wire Fraud in Violation of 18 U.S.C. §

1343, should be dismissed because 18 U.S.C. § 1343 does not allow a private right of action.

Third, that the remaining claims should be dismissed because they are all based on state law and

the Court should decline to exercise supplemental jurisdiction after it dismisses the only two

claims arising under federal law.  As explained below, the Court grants the motion to dismiss.

A.     WHETHER THE LILLEYS STATE A VALID CLAIM AGAINST JPMORGAN FOR
       VIOLATING THE ECOA

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief."[10]  The Supreme Court clarified the standards a Complaint must meet

to overcome a 12(b)(6) motion in *Bell Atlantic Corp. v. Twombly*[11] and *Ashcroft v. Iqbal*.[12]  The

---

[8]*Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009)).

[9]*Id.*

[10]FED. R. CIV. P. 8(a)(2).

[11]550 U.S. 544 (2007).

[12]129 S.Ct. 1937 (2009).

complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[13] Furthermore, while the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[14] In sum, the facts provided in the complaint must "nudge[ the] claims across the line from conceivable to plausible."[15]

Courts apply a two-pronged approach in analyzing a motion to dismiss.[16] First, they address whether the allegations contain "bare assertions" which "amount nothing more than a 'formulaic recitation of the elements'" of the claim.[17] Such allegations "are conclusory and not entitled to be assumed true."[18] Second, the court considers whether the remaining factual allegations "plausibly suggest an entitlement to relief."[19]

---

[13]*Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (omission in original).

[14]*Id.* (citations omitted)

[15]*Id.* at 570.

[16]*Iqbal*, 129 U.S. at 1950.

[17]*Id.* at 1951 (quoting *Twombly*, 550 U.S. at 555).

[18]*Id.* (quoting *Twombly*, 550 U.S. at 554-55).

[19]*Id.*

Prior to reaching the two prong analysis, the Court must set forth the appropriate standard

upon which the Lilleys have based their EEOC claim.[20]  The Equal Credit Opportunity Act

(Regulation B) requires:

> A creditor shall notify an applicant of action taken [on a loan application] within:
>  (i) 30 days after receiving a completed application concerning the
> creditor's approval of, counteroffer to, or adverse action on the application; [or]
>  (ii) 30 days after taking adverse action on an incomplete application,
> unless notice is provided in accordance with paragraph (c) of this section; . . . .[21]

The ECOA regulation defines an application as

> an oral or written request for an extension of credit that is made in accordance
> with procedures used by a creditor for the type of credit requested. . . . A
> *completed application* means an application in connection with which a creditor
> has received all the information that the creditor regularly obtains and considers in
> evaluating applications for the amount and type of credit requested . . . .  The
> creditor shall exercise reasonable diligence in obtaining such information.[22]

In applying these standards to the Lilley's Complaint, the Court holds that the Complaint

fails to adequately state a claim.  The Complaint alleges:

>  101. Plaintiffs applied for modified terms on their mortgage loan with a
> 125 page fax on April 30, 2009 before their account went into default and before
> the Plaintiffs were late on their mortgage.  Gail Martin granted plaintiffs modified
> terms in the form of an oral contract.
>  102. Lender failed to provide written notification of action taken and an
> ECOA notice upon approval of initial modification within the 30 days allowed
> and required.
>  103.  Lender subsequently withdrew the modified terms therefore
> breaching the contract created between Lender and Plaintiffs. . . .

---

[20]*See id.* at 1947.

[21]12 C.F.R § 202.9(a).

[22]*Id.* at § 202.2(f).

104.     Lender failed to deliver notification of action taken, ECOA notice, and statement of specific reasons within 30 days after taking adverse action on an existing account.[23]

JPMorgan argues that the Complaint does not "plead facts sufficient to impose a duty on [JPMorgan] to give an adverse action notice. Specifically, Plaintiffs have not pled that they, in fact, made an application for credit in accordance with procedures used by Chase bank, such that a duty to give notice of adverse action would be triggered."[24]  The Court agrees.

In applying the two prong analysis mandated by *Iqbal*, the Court finds that the Lilleys make bare assertions that JPMorgan "failed to deliver notification" regarding the initial loan modification and the subsequent notice to foreclose as required by the ECOA.  For purposes of this decision, the Court need not consider these assertions as true.

The remaining facts alleged are that the Lilleys applied for modified terms of their loan through a lengthy fax and that a JPMorgan employee verbally approved the modification.  While these facts come close to nudging the claims "across the line from conceivable to plausible,"[25] they fall short by not alleging that the fax constituted an application according to JPMorgan's established norms.  The Court notes that a copy of the fax was not attached as an exhibit to the Complaint.  Thus, as far as the Complaint is concerned, the fax could have been made up of any combinations of writings, and the ECOA requires that an application be "made in accordance with procedures used by a creditor for the type of credit requested."

---

[23]Docket No. 1, at 18.

[24]Docket No. 10, at 3.

[25]*Iqbal*, 129 S.Ct. at 1951.

The Complaint fails to meet the standards required by the Supreme Court and the ECOA, consequently the ECOA claim is dismissed without prejudice.

B.      WHETHER THE LILLEY'S STATE A VALID CLAIM OF WIRE FRAUD

JPMorgan argues that the Lilley's Twelfth Cause of Action, alleging wire fraud under 18 U.S.C. § 1342, must be dismissed because no private right of action exists.[26]  The Lilleys do not dispute this argument in their Memorandum in Opposition.[27]  The law is clear; no private right of action exists under 18 U.S.C. § 1342.[28]  Thus, the wire fraud claim is dismissed with prejudice.

III.  DISCUSSION OF THE STATE LAW CLAIMS

The final issue JPMorgan raises is that of supplemental jurisdiction.  This is the sole issue raised by Ingram.  The Court will address the issue from the two motions together.[29]  In

---

[26]Docket No. 10, at 5.

[27]*See* Docket No. 16.

[28]*Saro v. Brown*, 11 Fed. Appx. 387, 387 (6th Cir. 2001) (unpublished) ("The district court also properly concluded that Saro possessed no private right of action against Brown for alleged violations of 18 U.S.C. §§ 1341 & 1343."); *Wisdon v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999) ("[W]e agree with the Fifth and Sixth Circuits and hold that Congress did not intend to create a private right of action in enacting either the mail or wire fraud statues."); *Official Publ'n, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989) (same); *Bologna v. Allstate Ins. Co.*, 138 F. Supp. 2d 310, 322 (E.D.N.Y. 2001) ("[N]o private right of action exists under . . . 18 U.S.C. § 1343"); *Weiss v. Sawyer*, 28 F. Supp. 2d 1221, 1228 (W.D.Okla. 1997) (same).

[29]The Court acknowledges that Ingram's Motion to Dismiss is based on Rule 12(b)(1) and JPMorgan's Motion is based on Rule 12(b)(6).  A 12(b)(1) motion will require application of a different standard than a 12(b)(6) motion only if the 12(b)(1) motion attacks the facts of the Complaint.  *Paper, Allied-Indus., Chem. and Energy Workers Intern. Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005) (citing *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995)).  However, Ingram's Motion facially attacks the Complaint by focusing on supplemental jurisdiction rather than disputing the alleged facts.  Consequently, the analysis for Ingram's Motion and JPMorgan's motion is identical. *Id.*

determining whether the Court should exercise supplemental jurisdiction over state law claims

the Court notes that it is a court of limited jurisdiction and that this limitation is based on

"important values of federalism and separation of powers."[30]  The Court requires "both

constitutional and statutory authority in order to adjudicate a case."[31]

"Seeking to vindicate values of economy, convenience, fairness, and comity underlying

the judicially-created doctrine of pendent jurisdiction,"[32] Congress has provided:

> in any civil action of which the district courts have original jurisdiction, the
> district courts shall have supplemental jurisdiction over all other claims that are so
> related to claims in the action within such original jurisdiction that they form part
> of the same case or controversy under Article III of the United States Constitution.
> Such supplemental jurisdiction shall include claims that involve the joinder or
> intervention of additional parties.[33]

While § 1367(a) authorizes supplemental jurisdiction, § 1367(c) grants the Court discretion to

"decline to exercise supplemental jurisdiction over a claim" if the claim "raises a novel or

complex issue of State law" or "substantially predominates over the claim or claims over which

the district court has original jurisdiction" or if the Court "has dismissed all claims over which it

has original jurisdiction."[34]

---

[30]*Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004).

[31]*Id.*

[32]*Id.*

[33]28 U.S.C. § 1367(a).

[34]*Id.* at § 1367(c).

Courts have clarified that a mixture of state and federal claims arise under the same case or controversy if they "derive from a common nucleus of operative fact."[35] This term originated in the Supreme Court case *United Mine Workers v. Gibbs*,[36] where the Court held "a federal court can retain jurisdiction following dismissal of all federal claims if the remaining state claims derive from the same common nucleus of operative facts and a plaintiff would ordinarily be expected to try all of them in one proceeding."[37] However, "[e]ven where a 'common nucleus of operative fact' exists, federal jurisdiction is not mandatory over pendent claims or parties" due to the conditions listed above where a court may decline to exercise supplemental jurisdiction.[38] "[T]he Supreme Court repeatedly has determined that supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion."[39]

JPMorgan argues that the Court should choose to not exercise supplemental jurisdiction because the two federal claims should be dismissed. The Court finds this argument to be well taken. Because the Court has dismissed the two federal claims, as discussed above, it will not exercise supplemental jurisdiction at this early stage in this case. Consequently, the remaining state law claims, including those that pertain to Ingram, are dismissed without prejudice.

---

[35] *Gibbs*, 383 U.S. at 725.

[36] *Id.*

[37] *Bank of Oklahoma, N.A., Grove Branch v. Islands Marina, Ltd.*, 918 F.2d 1476, 1479-80 (10th Cir. 1990) (citing *Gibbs*, 383 U.S. at 725).

[38] *Estate of Harshman*, 379 F.3d at 1165.

[39] *Id.* (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997); *Gibbs*, 383 U.S. at 726).

III. CONCLUSION

The Court's decision to grant JPMorgan's and Ingram's Motions to Dismiss is based on three determinations. First, the ECOA claim is dismissed without prejudice because it fails to satisfy the standards set forth by the Supreme Court and the requirements of the ECOA. Second, the wire fraud claim is dismissed with prejudice because 18 U.S.C. § 1342 does not allow for a private right of action. Third, the remaining state claims—those against JPMorgan and those against Ingram—are dismissed because the Court chooses not to exercise supplemental jurisdiction after dismissing the federal claims at this relatively early point in litigating this matter. It is therefore

ORDERED that Ingram's Motion to Dismiss (Docket No. 4) and JPMorgan's Motion to Dismiss (Docket No. 9) are GRANTED as set forth above. The clerk of the court is instructed to close this case.

DATED   October 28, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

11